

EXHIBIT A

| STATE OF MAINE | SUPERIOR COURT |
|---|---|
| YORK, ss. | CIVIL DOCKET |
| | Docket No.: |

MARC WIDERSHIEN )
    Plaintiff )
)
v. ) **COMPLAINT**
)
SANFORD SCHOOL DEPARTMENT )
    and )
ELIZABETH J. ST. CYR )
    and )
KATHI MEDCALF )
    Defendants )

PLAINTIFF, through counsel, alleges and complains against Defendants as follows:

### INTRODUCTION

1. This is an action for relief and damages arising out of actions of Defendants in wrongfully terminating Plaintiff, which actions of Defendants further constitute a breach of Plaintiff's employment contract, wrongful termination, due process violations, defamation, intentional infliction of emotional distress, and/or negligent infliction of emotional distress.

### PARTIES

2. Plaintiff, Dr. Marc Widershien, is a resident of Springvale, York County Maine.

3. Defendant, Sanford School Department, is an educational institution organized and existing under the laws of the State of Maine, and owned and operated the Sanford Adult Education Program at all times relevant to this Complaint. The Department is located in York County.

4. Defendant, Elizabeth J. St. Cyr, was employed by the Sanford School Department as Superintendent during all times relevant to this Complaint.

{R0838198.1 52426-061147}

5. Defendant, Kathi Medcalf was employed by the Sanford School Department as the Director of the Sanford Adult Education Program during all times relevant to this Complaint.

## GENERAL ALLEGATIONS

6. Plaintiff was employed by the Sanford School Department as a substitute teacher in the Sanford Adult Education Program on an intermittent but regular basis beginning February 2009.

7. During the time he worked as a substitute teacher, Plaintiff was supervised by Kathi Medcalf in her capacity as Director of the Sanford Adult Education Program.

8. As a substitute teacher, Plaintiff received positive recommendations and reviews from students and Kathi Medcalf.

9. Plaintiff was highly-qualified for the substitute teaching job and had an excellent reputation in the field.

10. During the time he worked as a substitute teacher at the Sanford Adult Education Program, Plaintiff demonstrated a great deal of competency, maturity, judgment and patience in providing services focused on the best interests of the students and school that he served.

11. In the summer of 2009, Plaintiff was hired to teach a full course at the Sanford Adult Education Program.

12. Plaintiff was subsequently hired in the fall of 2009 to teach a full course at the Sanford Adult Education Program.

13. Plaintiff was subsequently hired in the winter of 2009 to teach a full course at the Sanford Adult Education Program.

14. As a teacher, Plaintiff received positive recommendations and reviews from students and Kathi Medcalf.

2

15. Plaintiff was highly-qualified for the teaching job and had an excellent reputation in the field.

16. During the time he taught full courses at the Sanford Adult Education Program, Plaintiff demonstrated a great deal of competency, maturity, judgment and patience in providing services focused on the best interests of the students and school that he served.

17. On December 21, 2009, Kathi Medcalf, issued Plaintiff a Letter of Reprimand.

18. The Reprimand was a complete surprise to Plaintiff. Prior to its issuance, no one from the Department or Program had informed Plaintiff that a complaint had been made against him.

19. The Letter of Reprimand stated that on December 15, 2009, a "complaint of sexual harassment was filed against [Plaintiff] by a student. The student reported feeling offended, uncomfortable and bullied in one of [Plaintiff's] classes because of verbal comments [Plaintiff] made that were gender-based."

20. The Letter of Reprimand offered no more than this vague explanation of his alleged wrongdoing. It offered no further information about the content of the "verbal comments," or even about when they were allegedly made. The Letter of Reprimand, states that the allegations against Plaintiff were "substantiated." However, there is no information as to what efforts the Department made to confirm and corroborate the alleged comments, or a record otherwise documenting the investigation.

21. The Sanford School Department has a Sexual Harassment Student Complaint Process policy. The failure of the Department to document what efforts it made to confirm and corroborate the alleged comments, or to otherwise document the investigation is a violation of the Department's Sexual Harassment Student Complaint Process policy.

22. Further, despite Ms. Medcalf's assurances that the allegations against Plaintiff were "substantiated," the student report in which the allegations were made is unsigned. This is

in direct violation of the Department's own Sexual Harassment Student Complaint Process policy.

23. Plaintiff was not offered a meaningful opportunity to refute the allegations made against him.

24. On February 22, 2010, Plaintiff received a letter from Ms. Medcalf stating that he would no longer be employed by the Program. Shortly thereafter, the Department stopped calling Plaintiff for substitute teaching opportunities.

25. Defendants' actions have branded Plaintiff a sexual harasser without giving him any meaningful opportunity to refute the anonymous charges.

26. Defendants' actions have permanently scarred Plaintiff's previously unblemished teaching record spanning several decades.

27. Plaintiff has been forever stigmatized and, for all intents and purposes, he is unemployable.

## COUNT I

### (Defamation)

28. Plaintiff incorporates the allegations stated Paragraphs 1 through 27 by reference.

29. The statements contained in the Letter of Reprimand are false and defamatory to Plaintiff.

30. The Letter of Reprimand is not a privileged communication.

31. Ms. Medcalf knowingly made the defamatory statements contained in the Letter of Reprimand.

32. Ms. Medcalf knew the statements contained within the Letter of Reprimand were false, or recklessly disregarded their truth or falsity.

33. Ms. Medcalf was at least negligent in making the defamatory statements contained in the Letter of Reprimand.

34. The Letter of Reprimand uses specific words with the intent to convey the meaning of those words.

35. The Letter of Reprimand uses words and phrases which, while not expressly defamatory, are defamatory by implication from the context in which they are used.

36. The Letter of Reprimand accuses Plaintiff of actions which falsely impugn his profession, occupation, or official status.

37. The defamatory statements contained in the Letter of Reprimand falsely impugn Plaintiff's reputation in the community.

38. Plaintiff has been harmed by the defamatory statements contained in the Letter of Reprimand.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count I in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT II

### (Federal Due Process Property Interest)

39. Plaintiff incorporates the allegations stated Paragraphs 1 through 38 by reference.

40. Defendants branded Plaintiff a sexual harasser.

41. The Defendant's actions have permanently scarred Plaintiff's previously unblemished teaching record spanning several decades.

42. The Defendants did not provide Plaintiff with any meaningful opportunity to defend himself from the allegations made against him.

43. Plaintiff was not provided sufficient notice of the allegations against him, an opportunity to be heard, an opportunity to introduce evidence and present witnesses, the opportunity to respond to the allegations and evidence, or an impartial fact-finder.

44. The Program terminated Plaintiff's employment both as teacher and as a substitute teacher after issuing its Letter of Reprimand.

45. As a direct result of the Defendant's actions, Plaintiff is effectively unemployable.

46. The Defendants's actions were not in accord with federal standards of procedural Due Process and violated Plaintiff's property interests as provided and protected by the U.S. Constitution. USCS Const. Amend. 14, § 1.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count II in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT III

### (Federal Due Process Liberty Interest)

47. Plaintiff incorporates the allegations stated Paragraphs 1 through 46 by reference.

48. The Defendants have branded Plaintiff a sexual harasser.

49. The Defendant's actions have permanently scarred Plaintiff's previously unblemished teaching record spanning several decades.

50. The Defendants did not provide Plaintiff with any meaningful opportunity to defend himself from the allegations made against him.

51. Plaintiff was not provided sufficient notice of the allegations against him, an opportunity to be heard, an opportunity to introduce evidence and present witnesses, the opportunity to respond to the allegations and evidence, or an impartial fact-finder.

52. The Program terminated Plaintiff's employment both as teacher and as a substitute teacher after issuing its Letter of Reprimand.

53. As a direct result of the Defendant's actions, Plaintiff is effectively unemployable.

54. The Department's actions were not in accord with federal standards of Due Process and violated Plaintiff's liberty interests as provided and protected by the U.S. Constitution. USCS Const. Amend. 14, § 1.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count III in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT IV

### (Maine Due Process Property Interests)

55. Plaintiff incorporates the allegations stated Paragraphs 1 through 54 by reference.

56. The Defendants have branded Plaintiff a sexual harasser.

57. The Defendant's actions have permanently scarred Plaintiff's previously unblemished teaching record spanning several decades.

58. The Defendants did not provide Plaintiff with any meaningful opportunity to defend himself from the allegations made against him.

59. Plaintiff was not provided sufficient notice of the allegations against him, an opportunity to be heard, an opportunity to introduce evidence and present witnesses, the opportunity to respond to the allegations and evidence, or an impartial fact-finder.

60. The Program terminated Plaintiff's employment both as teacher and as a substitute teacher after issuing its Letter of Reprimand.

61. As a direct result of the Defendant's actions, Plaintiff is effectively unemployable.

62. The Defendant's actions were not in accord with Maine Constitutional standards of procedural Due Process and violated Plaintiff's property interests as provided and protected by the Maine Constitution. Me. Const. Art. I, § 6-A.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count IV in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

### COUNT V

### (Maine Due Process Liberty Interest)

63. Plaintiff incorporates the allegations stated Paragraphs 1 through 62 by reference.

64. The Defendant have branded Plaintiff a sexual harasser.

65. The Defendant's actions have permanently scarred Plaintiff's previously unblemished teaching record spanning several decades.

66. The Defendants did not provide Plaintiff with any meaningful opportunity to defend himself from the allegations made against him.

67. Plaintiff was not provided sufficient notice of the allegations against him, an opportunity to be heard, an opportunity to introduce evidence and present witnesses, the opportunity to respond to the allegations and evidence, or an impartial fact-finder.

68. The Program terminated Plaintiff's employment both as teacher and as a substitute teacher after issuing its Letter of Reprimand.

69. As a direct result of the Defendant's actions, Plaintiff is effectively unemployable.

70. The Defendant's actions were not in accord with Maine Constitutional standards of procedural Due Process and violated Plaintiff's liberty interests as provided and protected by the Maine Constitution. Me. Const. Art. I, § 6-A.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count V in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT VI

### (Maine's Constitutional Right to Redress)

71. Plaintiff incorporates the allegations stated Paragraphs 1 through 70 by reference.

72. The Defendants have branded Plaintiff a sexual harasser.

73. The Defendant's actions have permanently scarred Plaintiff's previously unblemished teaching record spanning several decades.

74. The Defendants did not provide Plaintiff with any meaningful opportunity to defend himself from the allegations made against him.

75. Plaintiff was not provided sufficient notice of the allegations against him, an opportunity to be heard, an opportunity to introduce evidence and present witnesses, the opportunity to respond to the allegations and evidence, or an impartial fact-finder.

76. The Defendant's actions, injurious to Plaintiff's property interests and reputation, were not in accord with Maine Constitutional standards. Me. Const. Art. I, § 19.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count VI in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT VII

### (Breach of Contract)

77. Plaintiff incorporates the allegations stated in paragraphs 1 through 76 by reference.

78. Plaintiff was hired by Kathi Medcalf and Elizabeth St. Cyr in their capacities as Director of the Sanford Adult Education Program and Superintendent of the Sanford School Department respectively to work as a teacher under an employment agreement which set out Plaintiff's job duties, compensation, benefits, and procedure for terminating the employment agreement and Plaintiff's employment.

79. Under the terms of Plaintiff's employment agreement with Defendants, Plaintiff could not be terminated without due process and without proper cause.

80. In February 2010, Defendants breached the employment contract by wrongfully and illegally terminating Plaintiff without due process and without proper cause based on false and illegal pretext.

81. As a direct and proximate result of Defendants' breach of the employment contract, Plaintiff has suffered damages.

82. Defendants' actions, as alleged in this Complaint, were done with malice such that Plaintiff is entitled to punitive damages, including reasonable attorneys fees.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count VII in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT VIII

### (Wrongful Termination)

83. Plaintiff incorporates the allegations stated in paragraphs 1 through 82 by reference.

84. Plaintiff was hired by Kathi Medcalf and Elizabeth St. Cyr in their capacities as Director of the Sanford Adult Education Program and Superintendent of the Sanford School Department respectively to work as a teacher under circumstances which set out Plaintiff's job duties, compensation, benefits, and procedure for terminating the employment agreement and Plaintiff's employment.

85. Under the terms of Plaintiff's employment with Defendants, Plaintiff could not be terminated without due process and without proper cause.

86. In February 2010, Defendants wrongfully terminated Plaintiff by terminating him without due process and without proper cause based on false and illegal pretext.

87. As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered damages.

88. Defendants' actions, as alleged in this Complaint, were done with malice such that Plaintiff is entitled to punitive damages, including reasonable attorneys fees.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count VIII in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT IX

### (Tortious Interference with Employment Contract)

89. Plaintiff incorporates the allegations stated in paragraphs 1 through 88 by reference.

90. Plaintiff's employment with Defendants constituted a valid contract and prospective economic advantage for Plaintiff.

91. Defendants wrongfully interfered with Plaintiff's employment contract and prospective economic advantage by wrongfully and illegally terminating Plaintiff without due process and without proper cause based on false and illegal pretext.

92. As a direct and proximate result of Defendants' wrongful interference with Plaintiff's employment contract and prospective economic advantage, Plaintiff has suffered damages including but not limited to the prospective economic advantage of future employment with other school districts in the area.

93. Defendants' actions, as alleged in this Complaint, were done with malice such that Plaintiff is entitled to punitive damages, including reasonable attorneys fees.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count IX in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT X

### (Intentional Infliction of Emotional Distress)

94. Plaintiff incorporates the allegations stated in paragraphs 1 through 93 by reference.

95. Defendants engaged in intentional or reckless conduct that inflicted upon Plaintiff serious emotional distress or was substantially certain to result in serious emotional distress to Plaintiff.

96. Defendants' conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable.

97. Plaintiff has suffered serious emotional distress as a result of Defendants' conduct, including but not limited to extreme stress, anxiety, nausea, and loss of sleep.

98. The serious emotional distress suffered by Plaintiff was created by the circumstances of the events caused by Defendants which no reasonable person could be expected to endure.

99. Defendants' actions, as alleged in this Complaint, were done with malice such that Plaintiff is entitled to punitive damages, including reasonable attorneys fees.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment on Count X in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT XI

### (Negligent Infliction of Emotional Distress)

100. Plaintiff incorporates the allegations stated in paragraphs 1 through 99 by reference.

101. Defendants acted negligently and engaged in other tortious conduct as set forth in this Complaint.

102. Emotional distress to Plaintiff was a reasonably foreseeable result of Defendants' negligent and tortious conduct.

103. Plaintiff has suffered serious emotional distress as a result of Defendants' negligent and tortious conduct, including but not limited to extreme stress, anxiety, nausea, and loss of sleep.

104. The serious emotional distress suffered by Plaintiff was created by the circumstances of the events caused by Defendants which no reasonable person, normally constituted, could be expected to adequately endure.

105. Defendants' actions, as alleged in this Complaint, were done with malice such that Plaintiff is entitled to punitive damages, including reasonable attorneys fees.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment on Count XI in his favor and against Defendants in an amount just and reasonable, together with interest, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: December 23, 2010

*/s/ Tim A. Pease*
TIMOTHY A. PEASE, Esq., Bar No. 9268
Rudman & Winchell, LLC
Attorneys for Plaintiff
84 Harlow Street - P.O. Box 1401
Bangor, Maine 04402-1401
(207) 947-4501